**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Christopher NIU, Defendant-Appellant.**

No. 16-10305

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 24, 2017

Thomas C. Muehleck, Assistant U.S. Attorney, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Christopher Niu, Pro Se

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Christopher Niu appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Niu contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Niu's contention, the district court properly followed the procedure set forth in

* The panel unanimously concludes this case is suitable for decision without oral argument.

*Dillon v. United States,* 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In so doing, the district court correctly determined that Niu is ineligible for a sentence reduction under Amendment 782 because his sentence is already below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Niu's contentions that the government breached the plea agreement and that the district court failed to explain the sentence adequately are outside the scope of this proceeding. *See Dillon,* 560 U.S. at 831, 130 S.Ct. 2683.

**AFFIRMED.**

**Jaymar Stanton ADAMS,
Petitioner-Appellant,**

v.

**UNITED STATES CUSTOMS AND BORDER PROTECTION; Russell Holsopple, Respondents-Appellees.**

No. 16-15230

United States Court of Appeals,
Ninth Circuit.

*See* Fed. R. App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publi-

Submitted April 11, 2017 *

Filed April 24, 2017

Jaymar Stanton Adams, Pro Se

Susan B. Gray, DOJ-USAO, San Francisco, CA, for Respondent-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Jaymar Stanton Adams appeals pro se from the district court's summary judgment on his petition for writ of mandamus under 28 U.S.C. § 1361. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment); *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (denial of mandamus). We affirm.

The district court properly granted summary judgment on Adams's petition for writ of mandamus because Adams failed to raise a genuine dispute of material fact as to whether his claim was "clear and certain" and whether there was "no other adequate remedy" available. *See Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003) (setting forth elements for mandamus relief).

Adams's request to transfer this matter to the District of South Dakota, set forth in his opening brief, is denied.

**AFFIRMED.**

---

cation and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.